UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW S. PENA, a.k.a. AMANDA JO HANOWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>ELDON VAIL, BRUCE GAGE, STEVEN SINCLAIR and KYLE KING,<br><br>    Defendants. | NO. CV-10-5111-RMP<br><br>ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND FOR APPOINTMENT OF COUNSEL |

BEFORE THE COURT are Plaintiff's Motions for a Temporary Restraining Order/Preliminary Injunction (Ct. Rec. 4) and for Appointment of Counsel (Ct. Rec. 5). Plaintiff is proceeding *pro se* and *in forma pauperis*; Defendants have not been served. Plaintiff did not note these motions for calendar as required by Local Rule for the Eastern District of Washington 7.1(h). **PLAINTIFF IS CAUTIONED THAT ANY FURTHER MOTIONS SUBMITTED TO THE COURT WITHOUT NOTING THEM FOR HEARING IN COMPLIANCE WITH THE LOCAL RULES WILL NOT BE ADDRESSED BY THE COURT.** The court has heard Plaintiff's Motions on the date signed below.

Prior to October 8, 2010, Plaintiff notified the court telephonically of Plaintiff's release from incarceration and present residence in Vancouver, Washington. Plaintiff still has not provided *written* notification of this change of address as directed. Plaintiff

ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND FOR APPOINTMENT OF COUNSEL -- 1

is advised this release from incarceration renders moot any request for injunctive relief in the complaint or the separate Motion against Defendants at the Washington State Penitentiary. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1990); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995)(stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies). Therefore, **IT IS ORDERED** Plaintiff's Motion (Ct. Rec. 4) is **DENIED.**

Plaintiff also requests the appointment of counsel. This court has discretion to designate counsel pursuant to 28 U.S.C. §1915(e)(1) only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Determining whether exceptional circumstances exist requires evaluating "the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation omitted).

Plaintiff asserts an inability to afford counsel and incarceration status that limits the ability to litigate. As stated above, this second assertion is moot. Plaintiff also claims a limited knowledge of the law, legal research and court proceedings. By separate Order, the court has provided Plaintiff with relevant legal standards and directed Plaintiff how to present a legally sufficient complaint. Accordingly, the record does not reflect exceptional circumstances which warrant the appointment of counsel to assist Plaintiff at this time. **IT IS ORDERED** Plaintiff's Motion for Appointment of Counsel

ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND FOR APPOINTMENT OF COUNSEL -- 2

(Ct. Rec. 5) is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward a copy to Plaintiff at Plaintiff's last known address.

**DATED** this 10th day of November, 2010.

                               *s/ Rosanna Malouf Peterson*
                               ROSANNA MALOUF PETERSON
                               UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF AND FOR APPOINTMENT OF COUNSEL -- 3